**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **LUPE R. TREVINO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **No. 4:13-CV-873-O** |
| | § | |
| **WILLIAM STEPHENS, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed

by Petitioner, Lupe R. Trevino, a state prisoner confined in the Correctional Institutions Division of

the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ,

Respondent.  The prior referral to the Magistrate Judge is withdrawn.  After considering the

pleadings and relief sought by Petitioner, the Court has concluded that the petition should be

dismissed as time-barred.

## I.  BACKGROUND

On February 2, 2010, pursuant to a plea agreement, Petitioner waived his right to a jury trial,

pleaded guilty to one count of continuous sexual abuse of a child under 14 years of age and true to

a repeat-offender allegation, and was sentenced to 28 years' confinement in TDCJ in Case No.

1163546D in Tarrant County, Texas.  Admin. R. 88, ECF No.  11, Attach. 2.  Petitioner did not

directly appeal his conviction or sentence.  Pet. 3, ECF No. 1.  Petitioner did however file a state

habeas application challenging his conviction on May 20, 2012, which was denied without written

order by the Texas Court of Criminal Appeals on August 21, 2013.[1]  Admin. R. cover, 13; ECF No.

11, Attach. 2.  This federal petition for habeas relief challenging his conviction was filed on October

22, 2013.[2]  Pet. 10, ECF No. 1.  Petitioner raises four grounds for relief: (1) he was denied effective

assistance of counsel, (2) the continuous-sexual-abuse statute is unconstitutional, (3) the evidence

was insufficient to support his conviction, and (4) he was denied the right to appeal.  Pet'r's Mem.

2, ECF No. 3.  Respondent contends the petition is untimely.  Resp't's Resp. 3-6, ECF No. 12.

## II. DISCUSSION

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of

habeas corpus filed by state prisoners.  Section 2244(d) provides:

> (1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1]Petitioner's state habeas application is deemed filed when placed in the prison mailing system.  *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013).  The application does not state the date Petitioner placed the document in the prison mailing system, however the "Inmate's Declaration" on the application was signed by Petitioner on May 20, 2012; thus, the Court deems the state application filed on May 20, 2012.

[2]A pro se habeas petition filed by an inmate is deemed filed when the petition is placed in the prison mail system for mailing.  *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

      (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

      (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

On the issue of limitations, Petitioner did not file a reply to Respondent's response and merely asserts in his petition that he filed the petition pursuant to subsection (D).  Pet. 9, ECF No. 1.  Petitioner's assertion however is wholly conclusory, devoid of any facts or legal argument upon which the Court may consider invoking subsection (D).  Nevertheless, Petitioner's claims involve matters relevant to the plea proceedings, thus Petitioner should have known of the basis of his claims at or near the time of trial.  Therefore, subsection (A) applies to this case.  Under that provision, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.  For purposes of this provision, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time Petitioner had for filing a timely notice of appeal on March 4, 2010, and closed one year later on March 4, 2011, absent any applicable tolling.  TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Petitioner's state habeas application filed on May 20, 2012, after limitations had already expired, did not operate to toll the limitations period under the statutory provision.  *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  Nor has Petitioner alleged or demonstrated rare and exceptional circumstances that would justify tolling as a matter of equity.  Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control

prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime for which he was convicted.  *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631 , 649 (2010).  There is no evidence whatsoever in the record that Petitioner was prevented in some extraordinary way from asserting his rights in state or federal court, and he presents no new evidence to meet the actual innocence exception.  Petitioner's federal petition was due on or before March 4, 2011, therefore his petition filed on October 22, 2013, was filed over two years beyond the limitations period and is untimely.

## III.  CONCLUSION

For the reasons discussed herein, the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** as time-barred.  Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is denied.

**SO ORDERED** on this **9th** day of **April, 2014.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**